**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| International Metaphysical Ministry Incorporated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Matthias Schaefer, *et al.*, <br><br> Defendants. | No. CV-17-08280-PCT-JJT <br><br> **ORDER** |

At issue is the Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, Motion to Transfer (Doc. 21, Mot.) filed by Defendant Wisdom of the Heart Church, d/b/a University of Metaphysical Sciences ("UMS"), to which Plaintiffs International Metaphysical Ministry Incorporated and Paul Leon Masters Revocable Living Trust (collectively, "IMM") filed a Response (Doc. 27, Resp.), and UMS filed a Reply (Doc. 30, Reply). The Court finds the Motion appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.  BACKGROUND**

IMM alleges the following facts in its Complaint. (Doc. 1, Compl.) International Metaphysical Ministry is a 501(c)(3) non-profit religious and educational organization headquartered in Sedona, Arizona, and UMS is a 501(c)(3) non-profit distance learning school located in Arcata, California. Both schools teach a metaphysical approach to spiritual practice and ministry. IMM is suing UMS and its founder, Christine Breese, seeking damages and injunctive relief for copyright and trademark infringement as well

as under various Arizona state law theories.[1] UMS now moves to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Northern or Central Districts of California. (Doc. 21.)

**II.     LEGAL STANDARD**

The change of venue statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *2 (D. Ariz. May 28, 2015) (citation and internal quotation marks omitted). It is the defendant's burden to show transfer is warranted, and "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

Courts employ a two-step analysis when determining whether a transfer is proper. *Airbus DS Optronics*, 2015 WL 3439143, at *2. First, a court considers whether "the case could have been brought in the forum to which the moving party seeks to transfer the case." *Id*. In order to meet this requirement, the court in the proposed transferee district "must have subject matter jurisdiction and be a proper venue, and the defendant must be amenable to service of process issued by that court." *Id*. "Second, a court must consider whether the proposed transferee district is a more suitable choice of venue based upon the convenience of the parties and witnesses and the interests of justice." *Id*. The Ninth Circuit has set forth factors that a court may consider in making this determination:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the

---

[1] The parties stipulated to the dismissal with prejudice of IMM's claims against another Defendant in this action, Matthias Schaefer. (Docs. 45, 47, 48.)

- 2 -

> contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.

## III. ANALYSIS

UMS moves to dismiss for lack of personal jurisdiction or, in the alternative, to transfer this action to the Northern or Central Districts of California pursuant to 28 U.S.C. § 1404(a). As part of its Motion, UMS asks the Court to transfer this matter regardless of whether the Court has personal jurisdiction over UMS. (Mot. at 13-14.) IMM opposes UMS's Motion to the extent it seeks dismissal for lack of personal jurisdiction or for failure to state a claim, but IMM does not challenge the Motion to Transfer. If anything, IMM requests that the Court allow jurisdictional discovery (Resp. at 13-14), but this is not particularly pertinent to UMS's Motion to Transfer under § 1404(a). A court may allow jurisdictional discovery to assist in determining whether personal or subject matter jurisdiction exists, but a motion to transfer does not raise most of the same concerns. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977).

On account of IMM's failure to substantively respond to UMS's Motion to Transfer, UMS is entitled to summary disposition of that portion of its Motion. *See* LRCiv. 7.2(i). The Court will nonetheless briefly examine the relevant factors to determine if the transferee district is a more suitable venue. *See Jones*, 211 F.3d at 498-99.

It is undisputed that this case could have been brought in California. In its Motion, UMS enumerates the following factors in favor of transfer:

### A. State Most Familiar with Governing Law

UMS contends that this factor favors transfer because most of the claims in this action are based on federal law and litigating in California will be equivalent to doing so in the District of Arizona. (Mot. at 14.) With respect to the supplemental state law claims

raised under Arizona law, UMS argues that federal courts routinely handle common counts such as these. (Mot. at 14.) For these very reasons, this factor weighs slightly in favor of not transferring the case because the District of Arizona is likely to be more familiar with the governing law in the state law claims.

### B. Respective Parties' Contacts with the Forum

UMS contends that its contacts with Arizona are *de minimis*—both in general and relating to the causes of action. (Mot. at 14.) Specifically, UMS argues that the contacts it has had with Arizona are limited to the enrollment of online students who are located in the state—2.1% of its "active student body"—and a visit by two UMS employees to Arizona in 2017 that was unrelated to this lawsuit. (Mot. at 2.) Beyond IMM's allegations in the Complaint, neither party addresses IMM's contacts with California. This factor weighs in favor of transfer because UMS has few contacts with Arizona, while IMM has significant contacts with California arising from the conduct alleged in the Complaint, including IMM's communications with Defendants regarding its claims in this matter (*e.g.*, Compl. at 20-25).

### C. Differences in the Cost of Litigation in the Two Forums

UMS contends there is not a significant difference in the cost of litigating in either California or the District of Arizona. (Mot. at 14.) IMM's litigation costs will presumably be lower in Arizona because International Metaphysical Ministry is headquartered in Arizona. On the other hand, UMS's litigation costs will be lower in California because Breese is believed to be a California resident (Compl. ¶ 4) and UMS is a California non-profit with its principal place of business in Arcata, California. This factor is neutral. Although the costs of litigation may shift slightly from UMS to IMM if the Court transfers the case to California, the difference in litigation costs is not likely to be significant.

### D. The Availability of Compulsory Process

UMS contends that it is not easy to predict the availability of compulsory process on non-party witnesses because of the nature of the evidence it must produce to refute

1 IMM's claims; specifically, UMS asserts it will have to prove a series of negatives—that it did not set up fake blog sites, conduct Distributed Denial of Service ("DDoS") attacks, or access IMM's servers. UMS thus argues that compulsory process issues will be the same for both parties. (Mot. at 14.) This factor is neutral on transfer.

### E. Ease of Access to Sources of Proof

UMS argues that this is the most compelling factor favoring transfer because UMS's six employees as well as its computers and records, which are the primary sources of proof in this action, are all located in Arcata, California. (Mot. at 14.) Considering IMM's allegations in the Complaint, this factor weighs strongly in favor of transfer to the Northern District of California, in which Arcata is located, because the majority of evidence relevant to the claims is located there.[2]

### F. Weighing of Factors

In sum, two factors strongly favor transferring the case: the respective parties' contacts with California and the ease of access to proof in the Northern District of California; two factors are neutral toward transferring the case: the differences in the cost of litigation between the two forums and the availability of compulsory process; and one factor weighs slightly against transferring the case: the forum most familiar with the governing law. Even considering IMM's choice of forum, UMS has demonstrated that the Northern District of California is a more suitable venue for this case, and IMM failed to oppose UMS's showing in any way. *See* LRCiv. 7.2(i). Accordingly, the Court will grant UMS's Motion to Transfer and need not address its Motion to Dismiss for Lack of Personal Jurisdiction (Mot. at 3-13) or its "hidden" Rule 12(b)(6) Motion to Dismiss (Mot. at 14-17).

IT IS THEREFORE ORDERED granting in part Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue (Doc. 21). The interests of convenience and justice favor transferring this case to the

---

[2] UMS does not make a showing that this action is sufficiently related to the Central District of California.

Northern District of California, and the Court denies as moot Defendant's Motion to Dismiss for Lack of Jurisdiction and declines to address Defendant's Rule 12(b)(6) Motion to Dismiss, all of which are contained within Doc. 21.

IT IS FURTHER ORDERED directing the Clerk of Court to transfer this action to the U.S. District Court for the Northern District of California as expeditiously as is practicable.

Dated this 24th day of July, 2018.

Honorable John J. Tuchi
United States District Judge